**PREFORMED LINE PRODUCTS COMPANY, Plaintiff,**

v.

**Robert C. WATSON, Commissioner of Patents, Defendant.**

Civ. A. No. 660-57.

United States District Court
District of Columbia.
Dec. 14, 1959.

Patrick H. Hume, Byron, Hume, Groen & Clement, Frank F. Reed, Chicago, Ill., George M. Sirilla, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

This civil action was brought by plaintiff Preformed Line Products Company, assignee of Thomas F. Peterson, pursuant to Title 35, Section 145 of the United States Code, to authorize the defendant Commissioner of Patents to issue to plaintiff Letters Patent on certain claims in an application relating to improvements in Methods and Means for Utilizing Helical Armor Rods, Serial Number 89,986, filed April 27, 1949.

The application contains claims numbered 5 to 21 inclusive, 23, 24, and 25. Method Claim 23 was held to be allowable by the Patent Office.

The appeal to the Board of Appeals, from the decision of the examiner, was taken from the final rejection by him of claims 5 and 8 to 11 inclusive. The rest of the claims stood withdrawn under Rule 142(b) and consequently were dismissed by the Board from further consideration. Since the Board did not pass upon the merits of the claims not readable upon the elected species, that is, on claims 6, 7, 12 to 21 inclusive and claims 24 and 25, they are not before the Court. Should the Court agree with counsel for plaintiff and claims 5 and 9 are generic and allowable, the claims readable on the non-elected species alone would not by that fact be necessarily allowable.

The pertinent prior art necessary for decision here are as follows:

The Peterson patent No. 2,275,109, dated in March 1942, the Sherman patent No. 2,172,810, in September 1939; the patent to Vergrais (French) No. 118,501, in April 1944 and the patent to Wirschitz (German) No. 591,592, published January 24, 1934.

Claim 5 of the instant application is the broadest of the claims herein and is illustrative:

"5. In combination with helically preformed armor rods for enclosing an axial extent of cable, an attachment for interposition between said rods and cable for constituting an armored protuberance thereon, said protuberance occurring intermediately of the end of said helically-preformed armor rods, the latter extending along said cable for a substantial distance to each side of said protuberance."

Claims 5 and 8 to 11 inclusive were held to be unpatentable over the prior art; as being too broad and as failing to meet the standards of definition of invention in accord with 35 U.S.C. § 112. Furthermore, claims 5 and 9 were held unpatentable by reason of double patenting and also that they are not generic.

In view of the Court's conclusion it is only necessary to discuss the rejection of all of the claims before it on the prior art.

The French patent discloses a cable which at predetermined spaces is enveloped by ellipsoidal or olive shaped members split lengthwise in halves which when fastened together form a protuberance designed to be an anchoring means. When the protuberances are placed on the cable an armor sheath of steel wire is wrapped around the cable and protuberances. Then the cable is fastened to the wall of a mine by clamp means around the protuberances.

The Peterson reference discloses preformed helical strips designed to be a reinforcement for cables in that they may be wound around them. The strips or rods function precisely in the same manner as those of the device in the present application.

The Sherman reference relates to "Reinforcement of transmission lines and the like." It discloses a helix for fastening a cable to engage the conductor and the insulator.

The German patent relates to "Suspension arrangements for overhead electric lines and cables." It discloses a cable hanger comprising opposed truncated shaped sockets; hangers which pivot about a pin and a support member engaged by a supporting structure.

It appears to the Court that the structure disclosed in the French patent meets all of the elements set out in claims 5, 8, and 9 with the exception of helically preformed armor rods. That element appears to be covered by the device defined in those claims in view of the Peterson patent. It would not in the Court's opinion involve invention to use the helically preformed rods of the Peterson patent on the device of the French patent.

Claims 9 to 11 inclusive do not contain the protuberance defined in claim 5 but have added to the rest of the structure set out in those claims, a means for fastening the armored body to an external or outside structure or a pair of socket-like elements together with means for bringing them towards each other.

It is the opinion of the Court, as was held by the Board of Appeals, that claim 9 is unpatentable over the French patent for the same reason as claim 8 and as to claims 10 and 11 the socket-like elements and toggle-linkage of the German patent, which are concededly old and are recited in those claims, are likewise unpatentable over the prior art for the reason that it would not involve invention to change the device of the French patent by substituting the sockets of the German patent for the socket of the French patent in that device and also to substitute the hanger part of the German patent for the similar part of the French structure. It in fact merely requires the use of a prior art structure.

The Court finding as a fact that one skilled in the art would have no difficulty in view of the prior art to construct the devices of plaintiff, it follows as a conclusion of law that the plaintiff is not entitled to the sought relief.

The findings of fact and conclusions of law having been included in this opinion, no formal findings and conclusions are necessary. Counsel for defendant will prepare the appropriate judgment consistent with this opinion.